UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY ANDERSON,

    Plaintiff,

v.                                                    CASE NO. 3:15-cv-889-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff alleges his disability began on February 15, 2012. (Tr. 46.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 22, 2013, at which Plaintiff was represented by an attorney. (Tr. 42-60.) The ALJ found Plaintiff not disabled from February 15, 2012 through January 2, 2014, the date of the decision.[2]

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: disorders of the spine and osteoarthrosis. (Tr. 30.) The ALJ

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 9.)

[2] Plaintiff had to establish disability on or before September 30, 2012, the date last insured, in order to be entitled to a period of disability and DIB. (Tr. 28.)

also found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with limitations.  (Tr. 31.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from February 15, 2012 through January 2, 2014.  Plaintiff has exhausted his available administrative remedies and this case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

I. **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1995); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues that the ALJ erred when she (1) failed to find that Plaintiff's migraine headaches were a severe impairment that significantly limited his ability to work, and (2) failed to include any limitations in the RFC assessment, which were caused by Plaintiff's migraine headaches. The Court finds no reversible error.

In the Eleventh Circuit, "[t]he finding of any severe impairment . . . is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. Mar. 30, 2011). Therefore, even if the ALJ erred by not finding Plaintiff's migraine headaches to be a severe impairment, the error is harmless because the ALJ found at least one severe impairment. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [plaintiff] had a severe impairment: and that finding is all that step two

requires. . . . Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe.").

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the following severe impairments: disorders of the spine and osteoarthrosis. (Tr. 30.) Although the ALJ did not find Plaintiff's migraine headaches to be a severe impairment, she did not ignore them, as shown by her decision. (*See* Tr. 31-34.)

For example, the ALJ noted Plaintiff's testimony that he stopped working partly because of migraine headaches, which he experiences approximately two or three times a month, that he has been treated for them with medication, and that he has to lie down in the dark for a day or a day-and-a-half when he has a migraine. (Tr. 31-32.) The ALJ also noted that a December 2012 letter from Dr. Quan Nguyen reflected that Plaintiff was housebound due to migraines, among other conditions. (Tr. 31.) The ALJ observed, however, that this letter contained "no objective medical findings" and the Veterans Administration did not find Plaintiff to be housebound for rating purposes. (*Id.*) Further, the ALJ noted that while Dr. Nguyen diagnosed Plaintiff with migraine headaches, among others, and opined that Plaintiff was unable to work, he did not include any objective medical findings or diagnostic test results to support his opinions.[3] (Tr. 32-33.)

---

[3] The ALJ also noted that other records, such as those from June 2013, also include migraine headaches among Plaintiff's active problems. (Tr. 34.)

In addition, the ALJ stated that during a consultative examination in March 2012, Dr. Hung Tran diagnosed Plaintiff with headaches, among other conditions, but indicated that there was no history of injury or damage, and no abnormal physical findings. (Tr. 33.) The ALJ found Dr. Tran's reporting more useful than the evidence provided by Plaintiff's treating physician because it included objective findings and rationale for the conclusions, as a result of which it was given significant weight. (*Id.*)

Then, upon review of the medical evidence as set forth in the ALJ's decision, which, as shown above, included Plaintiff's migraine headaches, the ALJ found that the evidence did not establish that Plaintiff's impairments prevent him from working. (Tr. 34.) The ALJ explained: "The evidence of record shows consistent complaints of pain throughout his body; however, such allegations are unsupported by either physical findings or diagnostic imaging." (*Id.*) The ALJ also carefully reviewed Plaintiff's subjective complaints, but found no evidence establishing that the pain was either confirmed by objective evidence or could reasonably be expected to be present as the result of a confirmed medical condition. (*Id.*) The ALJ stated:

> There is no explanation supporting the alleged weakness and pain, and diagnostic imaging does not establish the presence of any condition which is experienced at a level of intensity and frequency that would suggest an inability to perform all basic work activities. . . . As set forth above, medical records show inconsistencies in findings as well as a disparity between reported limitations and observed activities. Dr. Tran found no objective explanation for the claimant's

5

>reported symptoms, and questioned his cooperation on examination.
>. . .
>VA medical records contain findings that his physical condition was not incapacitating or preclusive of sedentary work, Dr. Tran's opinion was not suggestive of disability, and Drs. Arcega and Le opined that he was capable of performing light exertional work with postural limitations. Significant weight is accorded all of these opinions as they are consistent with each other in that none of them suggest an inability to work, and they are consistent with the objective medical evidence of record which establishes that although the claimant has limitations as a result of his impairments, these limitations are not disabling in nature . . . .

(*Id.*)

The Court finds that the ALJ adequately considered all of Plaintiff's impairments, both severe and non-severe, in combination, and her findings are supported by substantial evidence. (*See, e.g.*, Tr. 414-17 ("Headache since 1987. No injury. MD said migraine even no test and no specialist. Patient says not better and the headache comes every day. . . . Impression: . . . No abnormal physical findings."), 421 ("Allegations of migraine made . . . will not be an accepted MDI, for it lacks the needed component to satisfy the diagnosis. It is also noted that the treatment pattern is not consistent with migraine."), 588 ("Migraine [headache]: ok now."), 618 ("[Patient] reports adverse reaction with Oxycodone and Gabapentin . . . 'severe headache and strange dreams.' He stopped taking both medications on Saturday and all the above [side effects] resolved."), 681 (stating "no headaches").) Although Dr. Nguyen opined that Plaintiff was unable to work partly due to his migraine headaches, the ALJ

6

correctly observed that there was no objective support for such a conclusion. (Tr. 412.)

To the extent Plaintiff supports his argument that his headaches constitute a severe impairment because there is evidence of a diagnosis of migraine headaches, a mere diagnosis is insufficient to show that a condition interferes with Plaintiff's ability to work. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (stating "the mere existence of these impairments does not reveal the extent to which they limit her ability to work"). The ALJ considered Plaintiff's impairments and incorporated into the RFC assessment only those limitations resulting from the impairments, which she found to be supported by the record.

**III     Conclusion**

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the Court concludes that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment consistent with this Order, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on September 6, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record